## SANGER BROS. v. WISE COUNTY COAL COMPANY.

### Decided November 18, 1905.

**Garnishment—Return Term—Jurisdiction.**

A writ of garnishment was sued out pending a term of court and was made returnable to the first day of the next term; the garnishee was served and answered immediately, and the plaintiff filed a controverting affidavit. The case was thereafter, and during the same term, called for trial over the objection of the plaintiff. Held, error. The court had no power to try the case prior to the term to which the process was returnable.

Appeal from the District Court of Wise County. Tried below before Hon. A. H. Carrigan.

*J. M. Basham,* for appellants.—This cause was not an appearance to the November term of said court, and was not a cause pending for trial at the said November term, but was an appearance to the May term of said court and was pending for trial at said May term, 1905. Rev. Stats., art. 1447; Jones v. Walker, 44 Texas, 203.

*Frank J. Ford,* for appellees.—Appellants having filed their controverting affidavit and their motion for continuance and demanded a jury submitted themselves to the jurisdiction of the court.

STEPHENS, ASSOCIATE JUSTICE.—Appellants caused a writ of garnishment to be issued against appellee during a term of the District Court of Wise County, returnable to the next succeeding term, as provided by statute. This writ was promptly served on appellee, which was a private corporation in which the wife of C. D. Cates owned shares of stock, the purpose of the garnishment being to sequester the dividend due or to become due on these shares of stock and to appropriate the same to the payment of a judgment in favor of the appellants against C. D. Cates. Appellee promptly filed its answer, denying liability, whereupon the district judge certified his disqualification to the Governor and the judge of an adjoining district was commissioned to try the case. It seems that he had also been commissioned to try another case in the same court, and that just after it had been disposed of this case was called for trial, whereupon the attorney who had caused the writ

to be sued out and who happened to be in the courthouse attending as a spectator the trial just concluded, called the court's attention to the fact that the garnishment suit was not triable at that term of court, but only at the succeeding term, to which the writ of garnishment was returnable, and objected to a trial at that time; but the court took a different view of the law, holding that as all parties were present in the court the trial should proceed. In this we think there was error, since we know of no authority for such a proceeding. The court was not warranted in the assumption that all parties were before the court merely because the attorney had caused the writ to be sued out in behalf of appellants chanced to be present in the courtroom as a spectator. Indeed, if the appellants themselves had been there in person, they could not have been required to then try a suit which they had brought to a subsequent term of the court. It seems to have been the purpose of the garnishee and other parties interested in preventing the collection of appellants' debt to have a trial before the time had come to declare the dividend. But whatever may have been their purpose the court had no power to take up the case and try it at a term prior to the one to which the process was returnable, over the objections of the party bringing the suit.

The judgment is therefore reversed and the cause remanded for further proceedings.

*Reversed and remanded.*